**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 13-1097**
_____

SAMUEL MWABIRA-SIMERA,

                    Plaintiff - Appellant,

          v.

OFFICER ARTHUR L. EDMONDSON, JR.; SUPERVALU, INC.,

                    Defendants - Appellees.

_____

**No. 13-1274**
_____

SAMUEL MWABIRA-SIMERA,

                    Plaintiff - Appellant,

          v.

SUPERVALU, INC.,

                    Defendant - Appellee,

          and

OFFICER ARTHUR L. EDMONDSON, JR.,

                    Defendant.

_____

Appeals from the United States District Court for the District
of Maryland, at Baltimore.  Catherine C. Blake, District Judge.
(1:12-cv-00652-CCB)

_____

Submitted:  June 25, 2013                    Decided:  July 10, 2013

---

Before KING, DUNCAN, and DIAZ, Circuit Judges.

---

No. 13-1097 dismissed; No. 13-1274 affirmed by unpublished per curiam opinion.

---

Samuel Mwabira-Simera, Appellant Pro Se.  Valerie Ann Thompson, BALTIMORE COUNTY PUBLIC SCHOOLS, Towson, Maryland; Christopher Redmond Dunn, DECARO, DORAN, SICILIANO, GALLAGHER & DEBLASIS, LLP, Bowie, Maryland, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated appeals, Samuel Mwabira-Simera appeals the district court's orders denying his motions to compel and for appointment of counsel, and granting SuperValu's[*] motion for sanctions or for summary judgment and dismissing the case.

We may exercise jurisdiction only over final orders and certain interlocutory and collateral orders. Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546 (1949). When a notice of appeal is premature, the jurisdictional defect can be cured if the district court enters a final judgment prior to our consideration of the appeal under the doctrine of cumulative finality. Equip. Fin. Group, Inc. v. Traverse Computer Brokers, 973 F.2d 345, 347-48 (4th Cir. 1992). However, not all premature notices of appeal are subject to the cumulative finality rule; instead, this doctrine applies only if the appellant appeals from an order that the district court could have certified for immediate appeal under Fed. R. Civ. P. 54(b). In re Bryson, 406 F.3d 284, 287-89 (4th Cir. 2005). Appeals from "clearly interlocutory decision[s]" like "discovery ruling[s] or . . . sanction[s]" cannot be saved under cumulative

[*] Officer Edmondson was dismissed as a party in state court; he was never served, and has not filed a brief or otherwise participated in this case on the federal level.

finality. Id. at 288. Here, because Mwabira-Simera appeals the district court's order denying his discovery requests and for appointment of counsel, the cumulative finality rule cannot apply and Mwabira-Simera's appeal is therefore interlocutory. Accordingly, we grant SuperValu's motion to dismiss No. 13-1097 as interlocutory.

Upon our review of the record, we find no reversible error in the district court's dismissal of the action, or in any of the preliminary rulings Mwabira-Simera seeks to challenge. Accordingly, we affirm No. 13-1274 for the reasons stated by the district court. Mwabira-Simera v. Edmondson, No. 1:12-cv-00652-CCB (D. Md. Jan 2, 2013; Feb. 19, 2013; Feb. 27, 2013).

We grant leave to proceed in forma pauperis. We deny SuperValu's motion to strike and for sanctions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

No. 13-1097 DISMISSED
No. 13-1274 AFFIRMED

4